## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

<table>
<tr><td><b>Chambers of</b><br><b>Leda Dunn Wettre</b><br><b>United States Magistrate Judge</b></td><td><b>Martin Luther King Federal Building</b><br><b>& U.S. Courthouse</b><br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574</td></tr>
</table>

April 26, 2024

To:  John A. Blyth, Esq.
Mark Glen Sokoloff, Esq.
Hach & Rose, LLP
112 Madison Avenue, 10th floor
New York, New York 10016
*Attorneys for Plaintiff*

Thomas C. Hart, Esq.
Richard M. Forzani, Esq.
Ruprecht Hart et al., LLP
53 Cardinal Drive, Suite 1
Westfield, New Jersey 07090
*Attorneys for Norfolk Southern Railway Co.*

### LETTER ORDER

Re:  *Costa v. Norfolk Southern Railway Company*,
Civil Action No. 21-3925 (JKS) (LDW)

Counsel:

Before the Court is plaintiff Armindo Costa's motion, pursuant to Federal Rule of Civil Procedure 15, to amend his Complaint to implead an additional defendant, Consolidated Rail Corporation ("Conrail"), and to deem the claim against Conrail to relate back to the filing of the original Complaint. (ECF Nos. 57, 63). Defendant Norfolk Southern Railway Company ("Norfolk Southern") opposes the motion. (ECF No. 62). The Court decides this motion on the papers in accordance with Federal Rule of Civil Procedure 78. For the reasons set forth below, plaintiff's motion is **GRANTED in its entirety**.

The Court recognizes that this is an unusually late application to implead a party. But the circumstances leading to this late application are equally unusual, and the interests of justice considered under Federal Rule of Civil Procedure 15 strongly favor permitting the amendment. Specifically, the sole defendant for three years of litigation, Norfolk Southern, failed to object in any way to the absence as a defendant of its subsidiary, Conrail, *until after the statute of*

*limitations had run* on any claim by plaintiff against Conrail under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq*. Given that it would have been simple for plaintiff to rectify any error in failing to name Conrail as a defendant had it known that Norfolk Southern was not assuming Conrail's liability, it is eminently clear to the Court that Norfolk Southern's litigation behavior misled plaintiff into believing that Conrail did not need to be named as a separate entity. To credit Norfolk Southern's eleventh-hour about-face by denying plaintiff leave to amend would be to subvert the interests of justice that are the touchstone of Rule 15. For the reasons set forth below, the Court finds that plaintiff satisfies Rule 15's criteria for amendment and for relation back of the Amended Complaint to the filing of the original Complaint.

## I. BACKGROUND

Plaintiff brings this FELA action based on a spinal injury he sustained when a backhoe he was operating on the job as a railroad worker overturned on an embankment. (Complaint, ECF No. 1, ¶ 1). Although plaintiff alleged in his Complaint that he was an employee of Conrail, he did not name Conrail as a defendant, based on his further allegation that Conrail was a division of named defendant Norfolk Southern. (*Id.* ¶¶ 1, 7-8).[1]

If plaintiff was in error in not naming Conrail as a separate party, Norfolk Southern did nothing to put him on notice of that error. From the outset of this contentious litigation, Norfolk Southern never indicated any legal distinction between it and Conrail. Norfolk Southern answered the Complaint, despite the fact that it was served solely on Conrail. (*See* ECF Nos. 3, 5). In its Answer, Norfolk Southern did not point out that it was the "wrong defendant" and that Conrail should be named instead; to the contrary, of the extraordinary number of affirmative defenses it asserted (thirty in all), Norfolk Southern set forth only general affirmative defenses that could have been based on being an improper party, such as failure to state a claim and failure to join an indispensable party, without averring the facts on which such defenses were based. (*See* ECF No. 3). Further, when the Court convened the initial scheduling conference in June 2021 to set a discovery schedule, Norfolk Southern never raised in the Joint Discovery Plan or at the Rule 16 conference that it was not a proper party. (*See* ECF No. 6). During the subsequent two-plus years of discovery, Norfolk Southern and its attorneys produced Conrail's documents, represented Conrail's deposition witnesses, and engaged in settlement discussions as the sole defendant, without ever asserting that it was not Norfolk Southern's obligation to do so because Conrail was a separate entity. (*See* ECF No. 57-1 at 17; ECF No. 62-3 at 5).[2] Certainly,

---

[1] In responding to plaintiff's allegation that Conrail was a division of Norfolk Southern, Norfolk Southern simply asserted that it lacked sufficient knowledge or information to respond to these allegations. (*Compare* Complaint, ECF No. 1, ¶¶ 7-8 *to* Answer, ECF No. 3, ¶¶ 7-8). Norfolk Southern admits now, however, that Conrail is "a partially owned subsidiary of Norfolk Southern." (ECF No. 62-3 at 5).

[2] Norfolk Southern now tries, disingenuously, to underplay its consistent and uncomplaining representation of Conrail's interests through years of litigation by stating that that it "acted consistently with what is likely an expansive interpretation of its discovery obligations under the circumstances, erring on the side of production even though it would be able to

at no time during those 27 months of discovery did Norfolk Southern ever object to the Court that it had no obligation to provide discovery on behalf of Conrail because Conrail was a separate entity with a distinct relationship with plaintiff.

It was not until after the long-delayed conclusion of discovery, two and a half years into this action, that Norfolk Southern contended that it was not a proper party because Conrail—and not Norfolk Southern—should be considered plaintiff's employer and the only potentially responsible party under FELA. Norfolk Southern raised this issue for the first time in the proposed Final Pretrial Order submitted in November 2023, asserting that it was not "a proper party defendant in this action. Specifically, Norfolk Southern was not Plaintiff's employer at the time of the accident and has never been Plaintiff's employer." (ECF No. 51 at 4). By that time, FELA's three-year statute of limitations had run as to Conrail. The Court allowed Norfolk Southern to file a summary judgment motion as it requested, but stayed briefing of that motion to allow this motion to be decided first. (*See* ECF No. 53). The Court now turns to plaintiff's motion to amend.

## II. DISCUSSION

Plaintiff's motion seeks to implead Conrail after FELA's three-year statute of limitations has expired on plaintiff's claim. He argues that given the unusual circumstances here, his delay in seeking amendment is not "undue" within the meaning of Rule 15. He further contends that the Court should deem the claims against Conrail to relate back to the date of filing the initial Complaint under Fed. R. Civ. P. 15(c)(1)(C). Defendant Norfolk Southern argues that the proposed amendment to implead its subdivision Conrail should be denied on the grounds that plaintiff unduly delayed in seeking amendment, prejudicing it if amendment is permitted. However, Norfolk Southern does not oppose the portion of plaintiff's motion seeking relation back of the claim against Conrail. The Court first addresses whether plaintiff's motion should be denied on grounds of undue delay and prejudice and then turns to the request for relation-back of the amendment.

### A. Undue Delay and Prejudice

Plaintiff seeks to amend the Complaint in order to name Conrail as a party liable under FELA for plaintiff's injuries. The Court finds that amendment is warranted under Rule 15 and rejects defendant's opposition on the grounds of undue delay and prejudice.

Federal Rule of Civil Procedure 15 provides that leave to amend shall be freely granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The determination of a motion seeking leave to amend "is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168,

---

successfully oppose a motion to compel." (ECF No. 62-3 at 17 n.3). A more accurate characterization would be that Norfolk Southern behaved as if it *were* Conrail.

174 (3d Cir. 1993).

The sole opposition to amendment asserted here is premised on undue delay and prejudice, and the Court accordingly focuses on those criteria.[3] While the undue prejudice criterion looks to the effect of amendment on defendants, undue delay assesses the plaintiff's reason for not seeking to amend sooner. *See Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). With respect to undue delay, typically, "the mere passage of time does not require that a motion to amend a complaint be denied on ground of delay. In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, a "delay that is 'undue' -- a delay that is protracted and unjustified -- can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of leave." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017). As to undue prejudice, there must be a showing that potential prejudice to the non-moving party is more than "incidental;" instead, "such prejudice becomes undue when the opponent shows it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotations omitted).

Addressing undue prejudice, the Court notes that Norfolk Southern's assertion comprises a single sentence in its opposition brief: "allowing Plaintiff to proceed with his proposed amended complaint would prejudice Norfolk Southern by requiring it to endure the burden of additional, costly discovery." (ECF 62-3 at 18). This is unconvincing for at least two reasons.

First, there is no prospect of "additional, costly discovery." Plaintiff does not seek any significant additional discovery if the amendment is granted, representing that "discovery is essentially complete." (ECF No. 63 at 7). Indeed, that is because Norfolk Southern has been providing discovery from Conrail throughout this action. In any event, the Court can and will control the extent of any further discovery taken by or from Conrail.

Second, even if a modicum of additional discovery were permitted by the Court as a result of the amendment, this would not be the sort of prejudice that would defeat an otherwise meritorious motion to amend under Rule 15. Rather, the non-moving party must demonstrate how it would be prejudiced by further discovery such that it would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendment [ ] been timely." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006) (internal quotations and citations omitted); *see also In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014) ("Prejudice involves the irretrievable loss of evidence, the dimming of witnesses' memories, or the excessive irremediable burdens or costs imposed on the non-moving party if an amendment is granted."). Here, Norfolk Southern makes no such showing, nor could it, as it has had complete discovery in this action. To the extent it improperly seeks to assert that *Conrail* would be deprived irretrievably of facts or evidence given the delay in impleading it, that too is belied by Norfolk Southern's providing discovery *from* Conrail and taking discovery *for* Conrail

---

3   The Court notes, however, that it finds no bad faith, futility or dilatory motive by plaintiff in seeking this amendment.

throughout this action. Conrail's shadow participation throughout the litigation negates any potential prejudice from its being impleaded as a party at this stage of the action.

Further, with respect to the allegation of undue delay, the Court cannot find that plaintiff's delay in amending his pleading was undue when the primary causal factor for the delay was defendant's conduct. As defendant points out, whether a delay in amending is "undue" focuses on the movant's reason for not amending sooner. *See Adams*, 739 F.2d at 868. It is plain to the Court why movant did not move sooner to implead Conrail here: Norfolk Southern's defense of Conrail's interests throughout this case led plaintiff reasonably to believe that Norfolk Southern was defending the interests of its subsidiary Conrail and thus there was no need to name Conrail as a separate entity. The origin of the confusion was objectively understandable, given that the lines between Norfolk Southern and Conrail are unclear in view of a complex merger and agreement between Norfolk Southern, CSX Corporation, and Conrail that plaintiff maintains caused him to believe that these entities were one and the same. (ECF No. 57-1 at 8-9, n.1 (describing the machinations of the merger and "Shared Asset Organization" that led plaintiff to understand that Conrail and Norfolk Southern were the same entity for purposes of liability)).

Then Norfolk Southern's litigation behavior compounded that confusion, as during the years-long pendency of this action, it never timely sought to have the case dismissed and never declined to provide discovery on the basis that it was legally distinct from Conrail. Although Norfolk Southern feebly now attempts to posit that it hinted at this position earlier in the litigation, that has not been adequately demonstrated to the Court. There is not a single place in the discovery or Court record where Norfolk Southern can point to a plain statement that it was the wrong defendant and Conrail was the right one. It filed no motion to dismiss on that basis. Its generic affirmative defenses to the Complaint did not say so. It never said so when it was producing Conrail's documents and deposition witnesses. And it never did so clearly in its expert report, contrary to its argument that it did. In fact, in that report, Norfolk Southern's expert *defended* Conrail on the merits, again creating the impression there was no meaningful legal distinction between the entities. (*See* ECF 62-2 at ECF p. 28 (Norfolk Southern's expert concludes, in part, that "Conrail provided Mr. Costa with a reasonably safe place to work")). Indeed, Norfolk Southern is *still* defending Conrail's interests by opposing this motion to implead Conrail, whereas most defendants would welcome the addition of another potential "pocket" in a case to share potential liability. Norfolk Southern has been representing Conrail's interests, in deed if not in name, for the entirety of this lawsuit. Accordingly, the Court cannot conclude that plaintiff's delay is undue when the reason for that delay principally lies with Norfolk Southern's blurring of any distinction between it and its subsidiary Conrail.

Finally, Rule 15 expressly commands leave to amend be granted when "justice so requires," which the Court finds here. Fed. R. Civ. P. 15; *Foman*, 371 U.S. 178, 182 (1962) ("leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). The interests of justice cannot support rewarding Norfolk Southern for sitting mute for two and a half years about Conrail's nominal absence, only to raise the issue to its advantage after the statute of limitations against its subsidiary Conrail has passed. Denying leave to amend at this juncture would potentially preclude plaintiff from having *any* FELA claim against *any* entity

given the expiration of the statute of limitations. Rule 15's invocation of justice cannot be interpreted to permit such tactics, especially considering that "[t]he clear preference embodied in Rule 15 is for merit-based decision making." *Garrett v. Wexford Health*, 938 F.3d 69, 84 (3d Cir. 2019). The Court therefore concludes that plaintiff's delay in seeking leave to amend his Complaint was not undue, that Norfolk Southern is not prejudiced by the amendment, and that justice requires granting the motion to amend.

### B. Rule 15(c) and Relation Back

Plaintiff further moves for the Court to deem his amended pleading to relate back to the date of his initial filing of the Complaint pursuant to Federal Rule of Civil Procedure 15(c)(1)(C). (*See* ECF No. 57-1 at 12). He concedes that absent this relief, his FELA claim against Conrail would be time-barred under the three-year statute of limitations, as his accident occurred on June 8, 2020. (ECF 57-1 at 8). Norfolk Southern does not oppose this aspect of the motion. The Court finds that relation back is appropriate.

Federal Rule of Civil Procedure 15(c)(1)(C) permits an amendment naming a new party to relate back to the date of the original filing when the following prerequisites are met: (1) "the claim in the amended pleading must arise out of the 'conduct, transaction, or occurrence' set forth in the original pleading," *Arthur*, 434 F.3d at 207; (2) "within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment… has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits;" and (3) that same party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 193–94 (3d Cir. 2001) (quoting, in relevant part, Fed. R. Civ. P. 15(c)). Permitting an amended pleading to relate back further exemplifies "[t]he clear preference in Rule 15 … for merits-based decision making." *T Mobile Ne. LLC v. City of Wilmington, Delaware*, 913 F.3d 311, 328 (3d Cir. 2019).

Here, plaintiff satisfies the necessary conditions for his amended pleading to relate back under Rule 15(c)(1)(C). First, plaintiff's FELA claim against Conrail in the proposed Amended Complaint arises out of the same "conduct, transaction, or occurrence," Fed. R. Civ. P. 15(c)(1)(B), as pleaded in his original Complaint—the incident of June 8, 2020 in which he was injured. (*Compare* Complaint, ECF No. 1, ¶ 1 *to* ECF No. 57-2 ¶ 1).

Second, Conrail, the party to be brought in by amendment, received ample notice of the action, as it was served with and accepted the Summons and Complaint on March 9, 2021 that averred Conrail's involvement in the underlying facts, despite not having been named as a defendant. (ECF Nos. 2, 5). This was sufficient to put Conrail on notice of plaintiff's cause of action within the ninety days prescribed by Rule 4(m). *Cf. Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001) (noting that under Rule 15(c), notice does not require actual service of process and that even informal means of being made aware of action may be sufficient). Furthermore, Norfolk Southern and Conrail share an "identity of interest" in that they are related business entities. (*See* ECF No. 63 at 6). Notice may be imputed under the identity of interest theory where "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the

litigation to the other." *Singletary*, 266 F.3d at 197. Because Conrail, as pleaded, is partially owned by Norfolk Southern, the two are at a minimum "closely related in their business operations," and therefore plaintiff's initiating an action against the latter would have served to provide notice to the former. *See Myrie v. CSX Corp.*, No. CV 16-3616 (KM), 2017 WL 11828493, at *2 (D.N.J. June 14, 2017) (finding "interrelationship" between two related railroad entities sufficient to demonstrate constructive notice under identity of interest theory). Actual notice from Norfolk Southern's counsel to Conrail about the suit also may be inferred from the former having produced the latter's documents and employees for deposition. Pursuant to either actual notice or the identity of interest theory, Conrail was timely made aware of plaintiff's action, thus satisfying the second requirement for relation back.

Third, Conrail plainly knew that but for plaintiff's mistake in failing to name it as a defendant, the action would have been brought against it. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) ("Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint."); *Browning v. Safmarine, Inc.*, 287 F.R.D. 288, 292–93 (D.N.J. 2012) (same). This is evident in Conrail's accepting service of plaintiff's initial Complaint, in which plaintiff alleged his status as a Conrail employee at the time of the subject incident and in which he references Conrail's involvement in the underlying facts. (ECF No. 1 ¶¶ 1, 7-8). The Court finds unsupported Norfolk Southern's supposition that failing to name Conrail was a "strategic decision" by plaintiff, given the ease of impleading it and the perils of failing to do so. *See Krupski*, 560 U.S. at 549 ("We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake."). Conrail surely realized that had plaintiff believed he needed to name Conrail as an entity separate from Norfolk Southern, he would have done so, evidencing his mistake.

Plaintiff thus satisfies the necessary conditions for his amended pleading to relate back to the date of his original filing under Federal Rule of Civil Procedure 15(c).

### III. CONCLUSION

It would be contrary to the letter and spirit of Rule 15's instruction to permit amendment when "justice so requires" and "clear preference" for cases to be adjudicated on their merits for the Court to deny plaintiff's motion under the present circumstances. The motion is hereby granted, and an Amended Complaint in the form attached to plaintiff's motion papers at ECF No. 57-2 is to be filed within 14 days of service of this Letter Order via CM/ECF.

Given the changed landscape of this case, including the Amended Complaint and discovery that Norfolk Southern voluntarily provided to plaintiff during the pendency of this motion regarding the relationship between Norfolk Southern and Conrail (ECF No. 61), Norfolk Southern's motion for summary judgment (ECF No. 54) is hereby TERMINATED without prejudice pending the outcome of further proceedings. In addition, the Clerk of the Court shall TERMINATE the motion at ECF No. 57.

      A case management conference shall be held on June 6, 2024, at 3:00 p.m. before the undersigned. Dial-in information for the conference is (888) 684-8852, access code 8948139.

      It is **SO ORDERED** this 26th day of April, 2024.

                                           *s/ Leda Dunn Wettre*
                                           Hon. Leda Dunn Wettre
                                           United States Magistrate Judge

Orig:   Clerk
cc:      Counsel of Record